Submitted on record and briefs February 22, reversed and remanded June 28, 2006

## FRANK RUSSELL BAIZE,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND
## POST-PRISON SUPERVISION,
*Respondent.*

## A122156

138 P3d 58

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Daniel M. Carroll, Deputy Public Defender II, Office of Public Defense Services, filed the brief for petitioner.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Judy C. Lucas, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Ceniceros, S. J.

## LANDAU, P. J.

Petitioner was convicted of aggravated murder and sentenced to life imprisonment for a minimum of 20 years without the possibility of parole. In 2003, he requested, and obtained, an aggravated murder review hearing. The Board of Parole and Post-Prison Supervision (board) found that he was not likely to be rehabilitated within a reasonable period of time and declined to set a parole release date. Petitioner now seeks judicial review of that decision. We reverse and remand for a new hearing.

■ Petitioner argues that the board erred in failing to conduct the aggravated murder review hearing in the manner provided for contested case hearings in the Administrative Procedures Act (APA), ORS 183.310 to 183.500. The board argues that it was not obligated to conduct the aggravated murder review hearing in compliance with the APA requirements for the conduct of contested case hearings. In *Larsen v. Board of Parole,* 206 Or App 353, 359, 138 P3d 16 (2006), however, we held that ORS 163.105 requires that, subject to exceptions not pertinent here, aggravated murder review hearings be conducted "in the manner prescribed for a contested case hearing" in ORS chapter 183. That decision is controlling and requires reversal and a remand for a new hearing.

■ Petitioner also advances arguments concerning the sufficiency of the evidence in support of the board's decision, the standard of proof applied, and the correctness of the board's decision. Those matters are moot, in light of our conclusion that remand for a new hearing is required. Because the issue is likely to arise on remand, however, we pause briefly to address two of those additional issues. Petitioner argues that the board erred in failing to apply a clear and convincing evidence standard of proof at the aggravated murder review hearing. According to petitioner, that standard of proof is required under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Since the filing of the briefs in this case, we decided that issue adversely to petitioner in *Davis v. Board of Parole,* 200 Or App 366, 372, 114 P3d 1138, *rev allowed,* 339 Or 700 (2005).

■ Petitioner also asserts that the board erred in relying on "secret" information. In fact, there appears to be confidential information in the record that was not provided to petitioner or his counsel. The board, however, expressly stated in its administrative review response that it did not rely on that information. In any event, in light of our disposition of the other assignments of error, that argument is moot.

Reversed and remanded.